ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 21 2005
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BILL G. CHAPMAN and KATHERINE CHAPMAN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. 05-1225 T |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Bill G. Chapman and Katherine Chapman ("Plaintiffs" or the "Chapmans") are citizens of the United States of America whose address is 4619 93rd Street, Lubbock, TX, 79424.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1984)

5. Bill G. Chapman and Katherine Chapman filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-9672 and XXX-XX-9622, respectively.

6. For 1984, Bill G. Chapman was a limited partner in Desert Flame Growers ("DFG"), a California limited partnership.

7. DFG timely filed its 1984 Form 1065, partnership tax return.

8. The IRS assessed tax liability for 1984 against the Chapmans based upon a settlement in which they agreed only to certain adjustments to partnership items related to DFG.

9. On March 25, 1998, the IRS made a "quick assessment" of tax of $7,251.00 and interest and penalty interest of $17,920.16 against the Chapmans for 1984.

10. The IRS applied a cash bond of $19,040.00 made September 25, 1995 by the Chapmans to the 1984 assessments.

11. On July 16, 2002, the Chapmans filed with the IRS a claim for return of the cash bond $19,040.00 for 1984.

12. On November 19, 2003, the IRS disallowed that claim.

13. As grounds for recovery, the Chapmans restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The demand and/or claim for refund relates to a cash bond wrongfully seized and applied to tax and interest assessed relative to adjustments to partnership items and affected items related to the Desert Flame Growers partnership for 1984. The alleged assessment of tax and interest

was made after the statute of limitations for assessment had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. However, the assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did not waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

B. The claim is timely. A claim for a refund of a cash bond improperly seized and applied to taxes allegedly assessed after the statute of limitations has expired is not subject to a

statute of limitations, and suit on any denial of the demand or claim for refund of the cash bond is timely if filed within six (6) years of the rejection of the demand.

C. An untimely and invalid assessment does not convert a cash bond to a payment, and the cash bond of $19,040.00 should be refunded to the taxpayer immediately. Since there has been no conversion to a payment, no statute of limitations is applicable.

14. Over six (6) months have elapsed since the Chapmans filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Chapmans are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Bill G. Chapman and Katherine Chapman pray for judgment against the Defendant the United States of America in the amount of $19,040.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS



R:\DOCS\TAXCONT.T\tmwcn185.ch1.wpd

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)